EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CHARLES E. LAWTON, acusado y apelante; JUAN COMAS VERA, Taquígrafo repórter de la corte sentenciadora, interventor y apelado.

No. 5189.—*Sometido:* Junio 12, 1933. *Resuelto:* Junio 14, 1933.

*F. Soto Gras* y *R. Díaz Collazo,* abogados del apelante; *J. Valldejuli Rodríguez,* abogado del interventor apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Interpuesta apelación en causa criminal contra sentencia condenatoria por infracción de la ley de bancos solicitó el apelante que la corte de distrito le concediese el beneficio de no pagar los derechos del taquígrafo por la transcripción de la evidencia para su apelación. El taquígrafo que iba a hacer la transcripción se opuso a esa solicitud y la corte la negó. Contra esta resolución se interpuso esta apelación cuya desestimación se nos pide por el taquígrafo por el fundamento de no ser apelable dicha resolución.

El artículo 347 del Código de Enjuiciamiento Criminal dice que el acusado puede apelar de una sentencia condenatoria definitiva: de una providencia denegando una petición para la celebración de un nuevo juicio: y de una providencia dictada después del fallo que afecte los derechos sustanciales de la parte. No hay duda de que la resolución en este caso a que nos hemos referido fué dictada después del fallo, por lo que toca entonces decidir si tal negativa afecta los derechos sustanciales de la parte apelante y que por esto es apelable.

Como la ley concede a un acusado el derecho de apelar de una sentencia condenatoria; como el apelante tiene derecho por la ley a traer ante nosotros la prueba practicada en el juicio mediante una transcripción de ella hecha por el taquígrafo; y como también tiene derecho a ser eximido por la corte sentenciadora en casos apropiados del pago de los derechos que la ley concede al taquígrafo por hacer la transcripción, nos parece indudable que la negativa de tal exención de pago afecta el derecho sustancial que tiene un acusado de traer ante nosotros la prueba en su apelación contra la sentencia condenatoria, toda vez que sin ella estaríamos impedidos de resolver si era insuficiente para su condena y tampoco podría plantear el apelante las cuestiones de derecho que de ella surjan, por lo que entendemos que la resolución apelada en este caso afecta al derecho sustancial de apelación del acusado. Aunque se trata en este caso de si deben pagarse o no los derechos del taquígrafo, esto no convierte la cuestión en civil porque su resultado afecta a una apelación en causa criminal.

*Por lo expuesto la moción de desestimación debe ser negada.*